SALCINES, Judge,
Dissenting.
I respectfully dissent. The Aldridges own a home apparently damaged by a sinkhole. They filed a complaint alleging that, under the terms of an insurance policy issued by Peak, they as the homeowners were entitled to recover for damages to their home. The Aldridges were listed in the policy as “additional insureds.” Peak has insisted that the policy was, in effect, merely a mortgagee policy for Ocwen Federal Bank, the holder of the note on the subject property. It was argued that the policy did not provide for the Aldridges to make a claim on the policy or to receive any recovery or payments, except for those sums remaining after the Bank’s note had been paid and as a matter of law the Aldridges could not be additional insureds.
The policy limit was $44,337. At the time of the summary judgment hearing, the mortgage was in default, and the total sum due to the Bank with applicable interest and penalties was $56,707.77.
The policy in question was a hybrid policy which included some sections relating to a “Lenders Security Program Master Policy.” However, the remainder of the policy insured against a myriad of damages to the dwelling which was the subject of the coverage. This portion of the policy included the agreement for Peak to pay the insured “Additional Living Expenses” if the property was unfit for normal use and to pay for damages to the dwelling, not just to pay the sums due upon the mortgage.
Peak took the position that, because the Bank was the named insured under the policy and the “payoff balance” exceeded the policy limit, there would be no proceeds left to pay the Aldridges after the debt to the Bank had been fully paid. The Aldridges countered that the insurance policy was partially a lenders security policy which was combined with a “personal” homeowners insurance policy. As counsel for the Aldridges noted, the policy was not “unartfully drafted, but it’s unartfully stapled together.” I agree.
The policy included a section denoted as “Dwelling Property 3, Special Form, Ed. 7-88.” A subsection within this form was entitled “Conditions” which included a “Mortgage Clause.” This clause stated in part: “If we deny your claim, that denial will not apply to a valid claim of the mortgagee.” It appears, at the very least, this clause created an issue of material fact *502 concerning the Aldridges’ right to file a claim. I think the trial judge should have allowed the litigation to go forward on the merits to find out exactly what was intended by the policy that the plaintiffs-mortgagors were paying for.
Additionally, the paragraph entitled “Agreement of Indemnity” within the Lenders Security Program Master Policy states that the Aldridges “shall be considered an additional insured as respects any residual amounts of insurance over and above the insurable interest of the Insured in said property.” I agree that if the policy limit of $44,337 has been remitted to Ocwen Federal Bank, then there was no residual for the Aldridges to claim. However, the record before this court does not indicate whether such a payment had been made. As the additional insureds, the Al-dridges were entitled to make a claim for indemnity up to $44,337 and, therefore, summary judgment was not proper.[2]
Accordingly, I conclude that the trial court erred when it prematurely determined that, as a matter of law, the Al-dridges were not entitled to make a claim upon the policy and granted summary judgment in favor of Peak on the issue of coverage. Therefore, I would reverse the final summary judgment and send it back to the trial court for further proceedings.

. Alternatively, it would have been possible for the Aldridges to seek a reduction in the amount of the mortgage up to the policy limit of $44,337. However, this was not possible because Ocwen Federal Bank was not joined in the lawsuit.